IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MELANIE FARR, | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 5:20-CV203 |
| MANAGEMENT AND TRAINING CORPORATION, | § § § § | |
| Defendant. | § § | |

**PLAINTIFF MELANIE FARR'S ORIGINAL COMPLAINT
AND JURY DEMAND**

Plaintiff Melanie Farr was employed by Defendant Management and Training Corporation. This is an action for disability discrimination under the Americans with Disabilities Act (ADA) as amended by the ADA Amendments Act (ADAAA).

**Parties**

1. Plaintiff Melanie Farr is an individual residing at 3530 McCormick St., San Antonio, Texas 78247. She may be served with papers in this case through the undersigned counsel.

2. Defendant Management & Training Corporation is a corporation organized under the laws of the State of Texas. It maintains its principal place of business at PO Box 10, Centerville, Utah 84014. It may be served with process through its registered agent, CT Corporation System, at 1999 Bryan St. Ste. 900, Dallas, Texas 75201.

1

## Jurisdiction and Venue

3. The Court possessed subject matter jurisdiction over this case because Plaintiff's claims are brought under a federal statute, the Americans with Disabilities Act and the ADA Amendments Act. The Court possesses personal jurisdiction over Defendant because Defendant constantly conducts business in Texas and maintains offices in Texas. Venue is proper in the Western District of Texas because all of the events giving rise to Plaintiff's claims occurred within the geographic confines of the San Antonio Division.

## Factual Background

4. Plaintiff commenced work for Management & Training Corporation on or about October 22, 2018 as a Licensed Chemical Dependency Counselor Intern (or LCDC). She was hired by Patrick Robinson, the Program Director. The Company is based out of Centerville, Utah. Plaintiff was assigned to the Dominguez State Jail located at 6535 Cagnon Rd., San Antonio, Texas 78252. The Company has a contract with the Texas Department of Corrections. Plaintiff's job duties included conducting both group and individual therapy/counseling sessions (I had approximately 25 clients), preparing paperwork, and creating treatment plans for individual clients.

5. Plaintiff is disabled within the meaning of the ADA, as she was diagnosed with Multiple Sclerosis (MS) on or about March 3, 1997. Plaintiff notified Patrick Robinson that she suffers from MS when she was hired. Robinson occasionally made comments about Plaintiff's disability. For example, he often referred to Plaintiff as "fluffy." Mr. Robinson would tell Plaintiff that she reminded him of a "fluffy" cat because they were always in the way. He would make such comments when he caught me losing her balance, which is something that occasionally happened because of Plaintiff's MS.

6. In January 2019, Plaintiff's doctor suggested she take Cannabidiol (or "CBD") for her MS. CBD oil is legal in Texas and can be purchased by anyone. CBD oil is usually extracted from industrial hemp. Unlike other cannabinoids, like tetrahydrocannabinol (THC; or marijuana), CBD is not psychoactive. Patrick Robinson and Brian Pryor (Supervisor) were both aware of the fact that Plaintiff was taking CBD oil. Pryor himself used CBD oil.

7. The CBD oil substantially helped Plaintiff with her MS symptoms. It helped her walk significantly better and with less pain.

8. On or about February 14, 2019, Plaintiff was told by Patrick Robinson that she needed to go in for a random drug test. Plaintiff went to Quest that same day to have the drug test done. She notified the technician at Quest that she took CBD oil that it was prescribed by her doctor. Plaintiff did this because she was aware that sometimes, albeit not often, CBD oil could trigger a false positive for THC. The technician did not request any additional information from Plaintiff or her doctor at that time.

9. Plaintiff did not hear anything about her drug test until February 20, 2019. On that day, while working in a session with patients, some of whom were distressed, she was abruptly pulled out of the group session without notice and advised by Patrick Robinson that she had tested positive for marijuana, and was consequently put on administrative leave. Plaintiff was not allowed to return to the group session. Instead she was told that she was suspended and was then escorted off the premises. Plaintiff does not and did not use marijuana, and she immediately told Robinson that it was a false positive because of the CBD oil, which he was aware of. Plaintiff further told Mr. Robinson that she had notified the technician at Quest of this as well. He advised Plaintiff that all they (the Company) needed was a doctor's note confirming that Plaintiff was prescribed CBD by her doctor.

10. Plaintiff obtained the note from her doctor that same day and immediately emailed it to Ramona Vest in Human Resources. Plaintiff also sent Ms. Vest a Forbes article discussing CBD oil and how it triggers false positives for THC.

11. When Plaintiff did not hear anything from Patrick Robinson or Ramona Vest, Plaintiff called Vest to follow up. Ms. Vest told Plaintiff she would get back with Plaintiff soon. On or about March 8, 2019, Plaintiff received a call from Ramona Vest. She asked that Plaintiff come in to meet with her and Patrick Robinson. When Plaintiff arrived, she was terminated by Robinson because of the purported failed drug test.

### Disability Discrimination in Violation of the Americans with Disabilities Act
### (as amended by the ADA Amendments Act)

12. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 11 supra. Defendant is an employer within the meaning of the ADA in that in each year relevant to this lawsuit, it has employed more than 15 employees in 20 or more calendar weeks. Likewise, Plaintiff was an employee of Defendant within the meaning of the ADA.

13. Plaintiff suffers from Multiple Sclerosis, which renders her substantially limited in various major life activities, including walking, balancing, caring for herself, and working, as well as major bodily functions, including the functioning of her neurological system. Despite these limitations, Plaintiff is a qualified individual and was fully capable of performing her job with Defendant. Over the course of her employment, Plaintiff repeatedly informed Defendant's management that she suffered from MS.

14. Plaintiff regularly took CBD oil at the direction of her treating physician to lessen the debilitating effect of her MS. Plaintiff repeatedly informed Defendant's management of this fact. Defendant discriminated against Plaintiff based on her disability by firing her because she purportedly had a positive drug test. However, Plaintiff did not and does not consume illegal drugs

(including marijuana), and the "positive" drug test was triggered by her consumption of the prescribed CBD oil. Plaintiff provided Defendant's management, including HR, with evidence that she had been prescribed CBD oil that she regularly consumed CBD oil for her MS symptoms, and even that CBD oil when consumed in sufficient quantity can trigger a positive test result for marijuana. Nevertheless, Defendant discharged Plaintiff even though it was aware that Plaintiff was taking the CBD oil and that her "positive" test was the result of the CBD oil. What is more, upon information and belief, Defendant's management was keenly aware that other employee use CBD oil, but they were not discharged. By discharging Plaintiff under these circumstances, Defendant unlawfully discriminated against Plaintiff because of her disability.

15. Plaintiff further pleads that, by refusing to allow Plaintiff to use CBD oil, Defendant failed to provide Plaintiff with a reasonable accommodation in violation of the ADA as amended.

16. As a result of Defendant's illegal discrimination, Plaintiff has suffered, and will likely continue to suffer in the future, lost wages and benefits. Additionally, Defendant's illegal discrimination against Plaintiff has caused Plaintiff emotional distress, mental anguish, humiliation, embarrassment, damage to reputation, and loss of enjoyment of life. Plaintiff also sues to recover damages for these injuries.

17. Moreover, because Defendant acted with malice, or with reckless indifference towards Plaintiff's federal-protected rights, Plaintiff is entitled to an award of punitive damages. Moreover, because Plaintiff has had to retain legal counsel to vindicate her rights under the ADA, Plaintiff is entitled to an award of attorney fees and costs of court.

## Jury Demand

18. Plaintiff demands a trial by jury.

## Conclusion and Prayer

19.     Plaintiff prays that upon final judgment she be awarded the following:

a. Lost wages and benefits in the past and in the future;

b. Compensatory damages for emotional distress, mental anguish, humiliation, embarrassment, damage to reputation; and loss of enjoyment of life;

c. Exemplary damages;

d. Attorney fees;

e. Costs of court;

f. Pre- and post-judgment interest; and

g. All other relief to which Plaintiff is entitled.

Respectfully submitted,

*Michael V. Galo*

Michael V. Galo, Jr.
State Bar No. 00790734
Federal Bar No. 19048
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile:  210.616.9898
Email: mgalo@galolaw.com
ATTORNEY FOR PLAINTIFF
MELANIE FARR